UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVE LEONE,
WAFIK AL TAWEL,
doing business as
Lil Brooklyn Mini Mart,

                      Plaintiffs,

                                                                            DECISION AND ORDER

                                                                                 05-CV-6117L

                     v.

LINDA M. STANGLE,
Commissioner of Community
Development, City of Rochester,

                      Defendants.
_____

       Plaintiffs, Steve Leone and Wafik Al Tawel, commenced this action on March 17, 2005, against Linda M. Stangle, the then-Commissioner of Community Development for the City of Rochester. Plaintiffs allege claims pursuant to 42 U.S.C. § 1983, arising out of certain incidents that occurred in 2003 and 2004.

       On April 14, 2008, the Court issued an order directing plaintiffs to show cause why the complaint should not be dismissed for failure to prosecute pursuant to Rule 41.2 of the Local Rules for this district, since no activity had occurred in the case since the complaint was filed. The order, which was mailed to plaintiff's attorney at the address given on the complaint, was returned as undeliverable on May 5, 2008.

Dismissal is clearly warranted here. Local Rule 41.2 provides that in a civil case in which no action has been taken by the parties in six months, "the Court may order the parties to show cause why the action should not be dismissed for failure to prosecute." If the parties fail to respond to the order, the court may dismiss the action for failure to prosecute. As stated, the Court issued such an order, but it was never received by their attorney, apparently because he is no longer at his address on record with the Court, and neither he nor plaintiffs have advised the Court of any current mailing address.

In light of these facts, and the other relevant factors set forth by the Second Circuit, *see United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2$^d$ Cir. 2004), I conclude that this case should be dismissed for failure to prosecute.

## CONCLUSION

This action is dismissed with prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b) and Rule 41.2 of the Local Rules of Civil Procedure for the Western District of New York.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 28, 2008.